# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-517V
Filed: January 27, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | **UNPUBLISHED** |
| ROBERT BOYER and PAMELA | No. 12-517V |
| BOYER, natural parents and | |
| guardians of AB, | Special Master Dorsey |
| a minor, | |
| | Petitioner's Motion for Judgment on |
| Petitioners, | the Record; Insufficient Proof of |
| | Causation; Vaccine Act Entitlement; |
| v. | Denial Without a Hearing; Flu-like |
| | Symptoms; Extreme Fatigue; |
| | Dizziness; Postural Orthostatic |
| SECRETARY OF HEALTH | Tachycardia Syndrome ("POTS"); |
| AND HUMAN SERVICES, | HPV Vaccine; VZV Vaccine; Flu |
| | Vaccine; MVC4 Vaccine; Tdap |
| Respondent. | Vaccine; HAV Vaccine; HIV |
| | Vaccine. |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

Thomas P. Gallagher, Somers Point, NJ, for Petitioner.
Jennifer Leigh Reynaud, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 16, 2012, Robert and Pamela Boyer ("petitioners"), as the parents and natural guardians of AB, filed a petition pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioners alleged that AB suffered from flu-like symptoms, extreme fatigue, dizziness, and Postural Orthostatic Tachychardia Syndrome ("POTS") caused by the human papillomavirus ("HPV"), varicella ("VZV"), flu, MVC4, Tdap, HAV and/or HIV vaccines she received on September 4th and October 5th, 2009.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

On December 11, 2013, petitioners filed a motion for judgment on the existing record.  In their motion, petitioners indicate that their expert, having reviewed the medical records in this case, does not feel that he can write a report supporting petitioners' claim.  Petitioners' counsel states that he spoke with Pamela Boyer on November 23, 2013, regarding the expert's decision, and that "Mrs. Boyer understands the difficulty in proving her daughter's injury was caused by the vaccines she received."  According to petitioners' counsel, Mrs. Boyer has agreed to the filing of the instant motion.

Before ruling on petitioners' motion for judgment on the record, the undersigned issued an order informing that parties that, unless they objected within one week, the caption in this case would be altered to refer to AB by her initials rather than her full name.  See Order, dated January 17, 2014, at 1.  As of today, a week has passed, and petitioners have not filed an objection.

On January 23, 2014, petitioners filed a motion for a decision dismissing their petition.  They again assert that "an investigation of the facts and science supporting their case has demonstrated … that they will be unable to prove that they are entitled to compensation in the Vaccine Program."  They state that they "understand that a decision by the Special Master dismissing their petition will result in judgment against them," and that "[t]hey have been advised that such a judgment will end their rights in the Vaccine Program."  They also understand that they may apply for costs after judgment has entered on a dismissal.

To receive compensation under the Vaccine Act, petitioners must prove either 1) that AB suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of AB's vaccinations, or 2) that AB suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that AB suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that AB's injuries were caused by a vaccination.

Under the Vaccine Act, petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioners, however, have offered no such opinion.

Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master